UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Darrell Gist, | ) | C/A No. 5:15-cv-04207-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | |
| | ) | |
| Jimmy Gregg; | ) | |
| John Doe; | ) | |
| Michael Illes, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed pro se by a federal prison inmate. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.     Factual and Procedural Background

Darrell Gist ("Plaintiff") is a federal prisoner who entered a guilty plea to two firearm-possession charges in this court on January 9, 2003. Plaintiff was convicted and sentenced to 32 years in prison on November 3, 2003. *See* ECF Nos. 51, 59 in *United States v. Gist*, No. 4:02-cr-00207-TLW (D.S.C.) (the "Criminal Matter"). In the Complaint under review, Plaintiff sues the former Sheriff of Florence County, South Carolina (Defendant Gregg); an unnamed United States Marshal (Defendant Doe); and a former Director of the Florence County Detention Center ("FCDC") (Defendant Illes), alleging they violated his due-process rights under the Fifth and Fourteenth Amendments to the United States Constitution on January 11, 2003, while he was housed at FCDC on his then-pending federal carjacking and weapons charges. Compl. 3, ECF

No. 1. Plaintiff alleges Defendants were responsible for placing him in the Special Housing Unit ("SHU") on that day based on assertions that he was planning to escape, and that their subsequent actions coerced him into complying with the terms of the guilty plea he had entered in this court two days earlier. *Id*. Plaintiff alleges his own attorney told him he would not be released to the general population until he "complie[d] with his terms in the Plea Agreement entered with the United States Attorney, in his carjacking case." *Id*. at 4. Plaintiff also alleges he was not afforded a disciplinary hearing on the "alleged attempt to escape" despite requests to Defendant Gregg for a hearing and to Defendant Illes for a grievance form to complain about the situation. *Id*. at 5. He alleges that he was subsequently debriefed by an FBI agent in connection with his plea agreement, but that he was forced to remain in the SHU without a hearing until he was transferred to BOP custody following entry of his conviction and sentence. *Id*. Plaintiff seeks damages in the amount of $1,000,000.00. *Id*. at 7.

This court may take judicial notice that Plaintiff submitted a letter dated August 10, 2009, addressed to the sentencing judge in which he discussed the situation at FCDC that is the subject of this Complaint and argued that his sentence was "in violation of the law" and that he was forced to enter the guilty plea by being "locked in the 'Hole' and Tortured." *See* ECF No. 61 in Criminal Matter. Plaintiff also described this situation in an unsuccessful "Motion to Compel" Plaintiff filed in his criminal case on September 8, 2009. *See* ECF No. 62 in Criminal Matter. On January 15, 2013, Plaintiff filed in the Criminal Matter a Motion to Vacate under 28 U.S.C. § 2255. That motion did not raise the issues of coercion and due-process violations at FCDC. That motion was denied as untimely on March 28, 2013. ECF Nos. 91, 103 in Criminal Matter. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'").

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

To the extent Plaintiff's allegations may be construed as an attempt to argue that his guilty plea was coerced by Defendants' actions at FCDC and that the resulting conviction and sentence are illegal, Plaintiff's Complaint is subject to summary dismissal based on the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). With respect to

actions filed pursuant to 42 U.S.C. § 1983 or the *Bivens* Doctrine such as the present one alleging constitutional violations and/or other improprieties in connection with the prosecution of criminal charges,[1] the Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a . . . prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87. By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred.

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417 (6th Cir. 1996) (emphasis added). Plaintiff's claims of constitutional violations by a county sheriff and jail administrator fall within the coverage of § 1983. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under § 1983: However, federal officials and employees cannot be sued under § 1983 because they do not act under color of *state* law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir. 1988). To the extent Plaintiff asserts that a United States Marshal violated his constitutional rights, Plaintiff's claim is a *Bivens* claim.

As stated above, Plaintiff unsuccessfully pursued a "motion to compel" that raised some of the same allegations of unconstitutionality raised in the instant Complaint. Plaintiff also unsuccessfully pursued a § 2255 motion in this court. His federal conviction and sentence have not been set aside as of today's date. Because Plaintiff has not been successful in having his 2003 federal conviction set aside by way of appeal, habeas corpus, or otherwise, and because his allegations regarding coercion of his guilty plea, if true, would necessarily invalidate his conviction, he cannot sue any of the Defendants for their involvement in the alleged coercion.

Additionally, to the extent that Plaintiff's allegations are construed as a claim of denial of due process based on his confinement to the SHU in January 2003 and continuing until he was placed in the custody of the Federal Bureau of Prisons at some point before August 17, 2009[2]— the date on which he submitted his letter complaining about his FCDC treatment to this court from USP-Canaan in Pennsylvania, ECF No. 61-1 in the Criminal Matter—the Complaint under review is barred by the applicable statute of limitations.

In civil rights cases (brought under *Bivens* or § 1983) filed in this District, the court must apply South Carolina's general personal injury statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 265-80 (1985) (in § 1983 actions, federal courts should apply a state's general statute of limitations for personal injuries). South Carolina's applicable personal injury statute of limitations establishes a three-year limitations period for personal injury causes of action arising on or after April 5, 1988. S.C. Code Ann. § 15-3-530. Thus, Plaintiff's claims of due-process violations at FCDC are governed by the § 1983/*Bivens* three-year statute of limitation.

Under Rule 8(c) of the Federal Rules of Civil Procedure, a statute of limitations defense is an affirmative defense, which is subject to waiver if not timely raised in a responsive pleading.

---

[2] The available record does not indicate when Plaintiff actually left the FCDC or when he was transferred from FCDC into the custody of the Federal Bureau of Prisons ("BOP"). Unquestionably, he was clearly in BOP custody and, therefore, out of the SHU at FCDC when he mailed his letter to the sentencing judge from a BOP facility in August 2009.

*See*, *e.g.*, *Am. Nat'l Bank v. FDIC*, 710 F.2d 1528, 1537 (11th Cir. 1983); *United States v. Ward*, 618 F. Supp. 884, 901 (E.D.N.C. 1985). Even so, the holding in *Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983), authorizes a district court to anticipate clearly apparent affirmative defenses that would be available to defendants in determining under 28 U.S.C. § 1915 whether process should be issued against those defendants. *See Rogers v. Isom*, 709 F. Supp. 115, 117 (E.D. Va. 1989) ("A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed."). In *Duncan v. West Virginia*, 597 F. Supp. 1195, 1196 (S.D.W. Va. 1984), the district court stated that "[a]lthough some of the matters discussed constitute affirmative defenses, . . . where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) [and] finding a complaint frivolous.") (citations omitted). The Fifth Circuit Court of Appeals has stated that "[l]imitations statutes . . . are not cadenced to paper tidiness and litigant convenience. Time dulls memories, evidence and testimony become unavailable, and death ultimately comes to the assertions of rights as it does to all things human." *United States v. Newman*, 405 F.2d 189, 200 (5th Cir. 1969) (citation omitted).

No later than August 2009, Plaintiff clearly was aware of any injury he might have received from the complained-of conditions at FCDC and of the persons responsible for such conditions no later than August 2009, when he wrote and mailed a letter to the judge in his criminal matter. *See* ECF No. 61 in Criminal Matter (contending his guilty plea was coerced and illegal because of his being placed in "the Hole" and being "forced to plead-out . . . under prolonged solitary confinement.").[3]

Plaintiff is considered to have filed the Complaint under review on October 8, 2015—

---

[3] The letter was dated August 10, 2009, and the mailing envelope was postmarked August 17, 2009. *See* ECF No. 61-1 in Criminal Matter.

over six years after the August 2009 letter was mailed to the court in the Criminal Matter.[4] There are no facts alleged in the Complaint from which any reason may be discerned to apply the doctrine of equitable tolling to the running of the statute of limitations on Plaintiff's due-process claims. Thus, even under the most liberal construction available of the stated facts and the applicable statute of limitations rules, it is clear on the face of his Complaint that the applicable statute of limitations ran at midnight on August 17, 2012, and that Plaintiff is well more than three years late in filing this case.

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

October 30, 2015                                            Kaymani D. West
Florence, South Carolina                                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[4] The holding in *Houston v. Lack*, 487 U.S. 266 (1988), applies to Plaintiff, making his Complaint be considered filed as of the date printed on the FMC-Butner mailroom stamp on the envelope in which the Complaint was submitted to the court. ECF No. 1-1.

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).