UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG  DIVISION

| | | |
|---|---|---|
| Darrell Gist, | ) | Civil Action No.: 5:15-cv-04207-RBH |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Jimmy Gregg; | ) | |
| John Doe; | ) | |
| Michael Illes; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Darrell Gist, currently incarcerated at Federal Medical Center in Butner, North Carolina and proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 against the former Sheriff of Florence County, South Carolina (Defendant Gregg); an unnamed United States Marshal (Defendant Doe); and a former Director of the Florence County Detention Center (Defendant Illes).  Plaintiff alleges that Defendants violated his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution while he was housed at the Florence County Detention Center ("FCDC").

This matter is before the court with the Report and Recommendation [ECF# 9] of Magistrate Judge Kaymani D. West filed on October 30, 2015.  This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e). The Magistrate Judge recommended that the case be dismissed without prejudice based on the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), and because the Complaint is barred by the applicable statute of limitations.  Plaintiff timely filed Objections [ECF#11] to the Magistrate Judge's Report and Recommendation.

1

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.*

**Discussion**

The Magistrate Judge recommended dismissal of Plaintiff's Complaint for the following reasons: (1) Plaintiff's allegations inferring that his guilty plea was coerced by Defendants are barred pursuant to *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); and (2) Plaintiff's allegations that Defendants' conduct while he was confined in the Special Housing Unit of the Florence County Detention Center violated his due process rights are barred by the statute of limitations. Plaintiff raises three objections to the Magistrate Judge's Report and Recommendation.

Plaintiff's first objection to summary dismissal is that it is error to find that Defendant United States Marshal John Doe, a federal official, cannot be sued pursuant to 42 U.S.C. § 1983. The Report

and Recommendation does not recommend summary dismissal on this ground. Therefore, this objection is overruled.

Plaintiff's second objection to summary dismissal is that the Magistrate Judge erred in finding that his claims are barred by the applicable statute of limitations. In the Report and Recommendation, the Magistrate Judge raised the statute of limitations issue *sua sponte*. A court may summarily dismiss a cause of action when barred by an affirmative defense, provided the court gives the plaintiff an opportunity to respond. *See Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.3d 674, 682 (4th Cir. 2005) (finding that in a § 1983 action, a court may not dismiss a complaint based on the issue of exhaustion of remedies without first giving the petitioner a chance to address the issue); s*ee also Todd v. Baskerville,* 712 F.2d 70, 74 (4th Cir.1983) (affirming the dismissal of a § 1983 action pursuant to § 1915(d) when the complaint appeared on its face to be time-barred in the absence of a responsive pleading).

Plaintiff was afforded the opportunity to address the issue of whether some or all of his claims are time-barred in his objections filed in response to the Report and Recommendation. While Plaintiff does not dispute the applicable limitations period in this case [ECF #11, p. 2], Plaintiff argues that the doctrine of equitable tolling applies because he has sought, but been denied, production of a letter he allegedly wrote that he believes provided the basis for his placement in the Special Housing Unit ("SHU").

In civil actions filed in this District, the court must apply South Carolina's personal injury statute of limitations and applicable tolling provisions. *Wilson v. Garcia*, 471 U.S. 261, 265-80 (1985); *see also  Peoples v. Rogers*, 2010 WL 424201, at *1 (D.S.C. Feb. 1, 2010) (stating federal courts also borrow a state's equitable tolling doctrines, in addition to the limitation period). In South Carolina,

personal injury claims are governed by a three-year limitations period for causes of action arising on or after April 5, 1988. S.C. Code Ann. § 15-3-530. The statute of limitations begins to run when a cause of action reasonably ought to have been discovered. *Wiggins v. Edwards*, 314 S.C. 126, 128, 442 S.E.2d 169 (1994). South Carolina recognizes the doctrine of equitable tolling in extraordinary circumstances. *American Legion Post 15 v. Horry County*, 381 S.C. 576, 582, 674 S.E.2d 181 (S.C. Ct. App. 2009). The doctrine applies where necessary to prevent unfairness to a diligent plaintiff. *Id.* at 583; *see generally Holland v. Florida*, 560 U.S. 631, 648 (2010) (in order to be entitled to equitable tolling, claimant must show that he diligently pursued his rights); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (lack of diligence precludes equity's operation); *Marengo v. Conway*, 342 F.Supp.2d 222, 230 (S.D.N.Y.2004) (to obtain equitable tolling, the party seeking the equitable tolling must have acted with reasonable diligence throughout the claimed tolling period). Typically, the doctrine only applies when the relevant facts present sufficiently rare and exceptional circumstances warranting the doctrine's application. *Horry County,* 381 S.C. at 583. The party claiming the statute of limitations should be tolled bears the burden of setting forth sufficient facts to justify the use of the tolling doctrine. *Brown v. Lexington Cty. Health Servs. Dist. Inc.*, 2013 WL 5467626, at *7 (D.S.C. Sept. 27, 2013). Plaintiff has failed to allege sufficient facts to support his claim that the limitations period should be tolled in this case.

Plaintiff argues that the doctrine of equitable tolling should apply because he has sought production of a letter from various sources since 2009 that he believes formed the basis for his confinement in the SHU. [ECF #11, p. 2]. Plaintiff argues that the letter would provide support for his claim that "he never indicated an attempt to escape." [ECF #11, p. 3]. Plaintiff does not otherwise point to any facts to suggest that the cause of action under § 1983 could not have been discovered during the

4

running of the limitations period.

On October 8, 2015, Plaintiff filed his Complaint seeking damages against Defendants in the amount of $1,000,000.00 for violating his due process right to a fair hearing to investigate the basis for Plaintiff's confinement in the SHU. [ECF #1]. It appears from the record that Plaintiff was placed in confinement in the FCDC SHU in January of 2003. [ECF #1, p. 3]. Plaintiff alleges that after he was placed in confinement, he began asking for an explanation as to why he was placed in the SHU. [ECF #1, p. 4]. Specifically, Plaintiff alleges he submitted correspondence to Defendant Gregg inquiring whether he would be afforded a disciplinary proceeding. [ECF #1, p. 5]. Plaintiff alleges Defendant Gregg told him there would not be a disciplinary hearing. [ECF #1, p. 5]. The basis for his § 1983 claim is the fact that he was placed in the special housing unit without being afforded a disciplinary hearing. In his objections to the Report and Recommendation, Plaintiff again reiterated the denial of a hearing as the basis for his cause of action. [ECF #11].

Plaintiff's allegations that his due process rights were violated because he was not afforded a fair hearing during his incarceration at the Florence County Detention Center could have been made regardless of whether he possessed the letter that allegedly triggered his confinement in the SHU. By his own admission, Plaintiff stated that he submitted inmate correspondence around the time he was confined requesting a disciplinary proceeding. [ECF #1, p. 5]. From the record[1], it also appears Plaintiff sent a letter to the judge presiding over his criminal matter in August of 2009 complaining of the conditions of the FCDC while he was confined in the SHU. [ECF #9, p. 9].

While Plaintiff may have been diligent in searching for the document in question, the cause of action set forth by Plaintiff of the alleged denial of the right to a hearing and the alleged misconduct on

---

[1] The Magistrate Judge took judicial notice of Plaintiff's August 10, 2009 letter to the sentencing judge. [ECF #9, p. 4].

the part of the Defendants was known to him at least as early as August 10, 2009, the date of the letter

he sent to the judge presiding in his criminal matter.  Thus, the statute of limitations expired well before

Plaintiff brought his Complaint on October 8, 2015.  Plaintiff has not articulated any reason that this

Court should find that his ability to allege a due process violation could not have been raised without

the existence of this letter.  Thus, Plaintiff's objection to the application of the statute of limitations

defense is overruled.

Plaintiff's final objection to summary dismissal is that the Magistrate Judge erred in applying

the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994) because Plaintiff states that he is not seeking

review of his conviction or sentence. [ECF #11, p. 5].  In  *Heck v. Humphrey*, the Supreme Court held

that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a

judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."

512 U.S. at 487.  If the district court answers the question in the affirmative, then "the complaint must

be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been

invalidated." *Id.*  The Magistrate Judge determined that Plaintiff's Complaint alleged facts which could

be construed to suggest Plaintiff's plea agreement was coerced by Defendants' actions in confining

Plaintiff to the SHU.  In the Complaint, Plaintiff alleges that his lawyer informed him he would remain

in the SHU until he complied with the terms of his plea agreement. [ECF #1, p. 4].  Plaintiff further

states that Defendant Gregg sent a lieutenant to his cell to tell him that he would remain confined in the

SHU until he completed his end of the plea agreement. [ECF #1, p. 5].  The Magistrate Judge concluded

that any claims questioning the voluntary nature of Plaintiff's plea agreement would be subject to

summary dismissal under *Heck v. Humphrey* because if Plaintiff's  allegations were deemed

meritorious, this finding would necessarily invalidate his conviction, despite the fact that his federal

6

conviction and sentence has not been otherwise set aside.  Since Plaintiff has yet to obtain a favorable termination of his sentence, to the extent any of his § 1983 claims for damages arising from his alleged unlawful incarceration would question the validity of his sentence, those claims are barred by *Heck v. Humphrey*.  Plaintiff also argues that in regards to his third objection, he is not seeking an attack on his conviction, but rather that his suit "goes to the conditions of confinement." [ECF #11, p. 6].  Regardless of his characterization, the statute of limitations has long expired.

### Conclusion

For the reasons stated above and by the Magistrate Judge, the Court overrules Plaintiff's objections and adopts and incorporates the Report and Recommendation of the Magistrate Judge herein by reference.  Plaintiff's complaint is hereby **DISMISSED without prejudice and without issuance and service of process.**

**IT IS SO ORDERED**.

December 15, 2015                                                s/ R. Bryan Harwell
Florence, South Carolina                                    R. Bryan Harwell
                                                                          United States District Judge

7